BERNARD FALCONE, Respondent, v. MYRTLE M. FALCONE, Appellant.

Fourth Department, October 21, 1965.

*George M. Donohue* for appellant.

*Nunzio Rizzo* for respondent.

*Per Curiam.* This is the second time this case has been before us. On the former appeal we directed a new trial because the confused condition of the record prevented a proper determination of the issues presented (18 A D 2d 1127). The record before

us following such retrial is less confusing but the decision of the Referee and the briefs of the respective parties demonstrate a complete misapprehension as to the issues presented by the pleadings and the proof. In an attempt to avoid the burden and expense of a third trial we will state the issues and return the case for the making of proper factual findings and the application thereto of appropriate legal principles.

The complaint alleges that prior to the marriage of the parties in 1933 plaintiff husband owned certain described realty; that after marriage defendant wife advised plaintiff that he should transfer " his properties " to her name and she agreed that the properties would be held in trust and upon demand would be reconveyed to plaintiff.

The basic confusion is that the proof upon the trial extended far beyond the allegations of the complaint and without objection spread to conveyances made by plaintiff to defendant through many years following the marriage. The ultimate issues to be decided may only be framed by first detailing the realty described in the complaint, tracing its subsequent title history and thereafter round out the picture as to additional properties acquired subsequent to the marriage the titles to which were placed in the wife's name upon acquisition.

The specific properties described in the complaint that plaintiff owned at the time of his marriage were three in number all situate in Niagara County: (1) 31 West Niagara Street (incorrectly described in the complaint as No. " 41 ") — there a restaurant was conducted by plaintiff under the name " Homestead Restaurant "; (2) two lots on Buffalo Avenue (the pleading described this as a single lot. The land consisted of two parcels each 45 feet in width on River Road conveyed to plaintiff in 1927 and 1934, respectively); and (3) a residence at Pine Avenue and 28th Street (incorrectly described as 27th Street).

Plaintiff in his complaint verified in 1959 requested that a trust be impressed on these properties because of defendant's failure to reconvey upon demand. But actually in 1959 the titles to two of these properties were no longer in defendant and at the time of the second trial the third property had disappeared from the litigation.

In chronological order this is what the proof revealed. There is documentary evidence that in 1941 two (31 West Niagara St. and Buffalo Avenue lots) of these three properties were conveyed by plaintiff to defendant. The " Homestead Restaurant " (31 West Niagara Street) property, however, was appropriated by the State in 1950. The only possible relevancy it has to this litigation is the testimony of plaintiff that the money received

by defendant from the State ($27,000 or $29,000) was used to improve property at 215 Main Street (Honeymoon Grill) conveyed to defendant in 1940 upon which a trust has been imposed and hereinafter discussed.

The " Buffalo Avenue lots " have even less relevancy. This property, as stated, was conveyed to defendant by plaintiff in 1941. Plaintiff testified, however, that this property was reconveyed to him by his wife and subsequently " in 1954 or 1957 " was sold by him for $13,000. He further testified that this money was used to purchase an apartment house on Ninth Avenue in Niagara Falls upon which a trust has been imposed. The later history of this Ninth Avenue property will be hereinafter discussed.

Lastly, the residence at Pine Avenue and 28th Street has only indirect relevancy. There is no proof to sustain the allegation in the complaint that this property was conveyed to defendant. The documentary evidence establishes that plaintiff acquired title thereto in 1923 and title continued in his name until 1940 when he conveyed it to the Niagara Permanent Savings & Loan Association. This conveyance was part of the consideration when in 1940 the Honeymoon Grill (215 Main Street) was conveyed by the Loan Association to defendant. A trust has been impressed upon the latter property and the possible relevance of this proof will be hereafter considered.

These properties have been discussed in some detail because of a subsidiary issue that has received considerable attention from the parties and the Referee but actually has no direct bearing on the real issues. We refer to the proof that two of these properties (Homestead Restaurant and Buffalo Avenue lots) were conveyed in 1941 to defendant because of a civil action pending against plaintiff arising out of an alleged assault. The Referee states that " all real property " was transferred to defendant for this reason. This is incorrect. The only properties so conveyed were disposed of by either plaintiff or defendant long before the commencement of this action. Whether or not the conveyance in 1941 of these properties to defendant was in fraud of creditors is an issue of small relevance inasmuch as no trust may be impressed upon either because one property has been appropriated by the State and the other reconveyed to plaintiff and long since sold by him.

The actual issues presented center upon three properties not mentioned in the complaint. Proof of these matters was received without objection and if plaintiff is entitled to relief it may be fashioned as there is no claim that defendant has been prejudiced by the variance between pleading and proof. The three prop-

erties upon which a trust has been imposed are (1) 251 Main Street (Honeymoon Grill); (2) residence on Buffalo Avenue (not to be confused with the "Buffalo Avenue lots") and (3) 502 Ninth Avenue (the "Apartment House").

These properties will be discussed in the inverse order stated.

### *502 Ninth Avenue — ("Apartment House")*

This property was purchased in 1958 and title placed in the names of *both* parties. A mortgage thereon was foreclosed in 1963 and at the time of the second trial defendant was occupying an apartment therein as a tenant of the "new owner". In the light of this proof it is difficult to understand the decision of the Referee impressing a trust thereon in favor of plaintiff and directing defendant to convey to plaintiff a one-half interest therein.

### *Buffalo Avenue Residence*

Title to this property was conveyed to defendant by deed dated August 30, 1956. It does not appear that plaintiff contends there was anything wrongful in this act in and of itself. Instead his testimony was that the funds used to purchase this property came from the sale of 351 Main Street (the "Tourist Home"). It is necessary to digress and examine the facts surrounding this latter property. Title thereto was conveyed by third parties to defendant by deed dated January 31, 1946. The title closing took place in the office of the lawyer for the sellers and the Falcones had no attorney. It is plaintiff's testimony that at the time he said to defendant—"'What is the matter my name; you got to put my name.' She [defendant] said, 'No. Don't make no difference. What is yours is mine and what is mine is yours. That is all.'" Defendant denies that plaintiff then or later said the property was partly his; that he made no objection then or later to title being placed in her name. It further appears from the testimony of the wife that most of the money for the purchase of this "Tourist Home" came from the operation of Honeymoon Grill (hereafter discussed). Ten years later this (Main Street) property was appropriated and the State paid $39,000. From this fund, Mrs. Falcone testified $18,000 was used to purchase this Buffalo Avenue residence, $3,000 in remodeling the property and $10,000 was paid on the mortgage on Honeymoon Grill.

Thus, it becomes apparent that these facts present two separate and distinct issues. First, the 1946 conveyance of 351 Main Street to defendant by third parties must be explored and precise factual findings made. "Where a person holding title to prop-

erty is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises.'' (Restatement, Restitution, § 160; 4 Scott, Trusts [2d ed.], p. 3103.) Such a trust affecting an interest in land may be found to exist '' where a confidential relation would be abused if there were repudiation, without redress, of a trust orally declared''. (*Foreman* v. *Foreman*, 251 N. Y. 237, 240.)

If perchance this issue is decided in favor of plaintiff the second issue is presented where again precise factual findings are required. If a constructive trust is declared as to the 351 Main Street property, has plaintiff proved that the Buffalo Avenue residence was purchased by defendant with funds acquired from the sale of the Main Street property? If this question is answered in the affirmative then consideration must be given to the legal principle that '' Where property is held by one person upon a constructive trust for another, and the constructive trustee by the wrongful disposition of the property acquires other property, he holds the property so acquired upon a constructive trust''. (Restatement, Restitution, § 160, *Comment h*; *Ibid*, §§ 202–215; 4 Scott, Trusts [2d ed.], § 507 *et seq.*)

### 251 Main Street (Honeymoon Grill)

This property was conveyed to defendant by deed dated December 2, 1940. The stamps on the deed indicate a sale price of $5,000. At the same time both parties executed a purchase-money mortgage to secure the payment of $2,500. The balance of the purchase price was satisfied by the conveyance to the grantor by plaintiff of the property at Pine Avenue and 28th Street. The stamps on this deed indicate a value of $2,500. (This is the property, as heretofore stated, that plaintiff acquired in 1923 before the marriage and title appears to have remained in his name until this 1940 conveyance.)

Again a sharp issue is presented — that the Referee never decided — as to the facts surrounding the placing of title in defendant's name although apparently she contributed nothing to the purchase price. It is plaintiff's testimony that he requested that title be placed in both names and the wife said it made no difference — '' What is mine is yours and what is yours is mine. Don't worry.'' Mrs. Falcone, on the other hand, testified that plaintiff bought the property but put title in her name as '' a Christmas present.'' This statement is corroborated by the testimony of her mother.

All of this evidence presented questions of credibility which the trier of the facts, and not this court, must resolve. The

decision of the Referee envisions this litigation as one where all of plaintiff's realty was transferred to defendant at one time by reason of the pending civil assault action. As we have seen, title to the properties so transferred are no longer in the names of either party but long since have been sold or appropriated by the power of eminent domain. The subsequent conveyances to defendant (upon which decision of the issues actually hinges) are omitted from the findings because in the mistaken view of the Referee '' the same have followed a definite pattern and are herein considered for historical value only.'' The ultimate decision was the impression of a trust '' upon all property heretofore owned '' by either party and that they '' forthwith own said property jointly ''. There is no basis for this broad decision. Defendant sought no affirmative relief. This sweeping determination emphasizes the failure of the Referee to recognize and decide the issues presented.

The appeal should be held, decision reserved, and the action remitted to the Referee for further proceedings in accordance with the opinion.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Appeal held, decision reserved, and action remitted to the Referee for further proceedings in accordance with the opinion.