■ ROBERT A. MUIR, JR., et al., Appellants, v WALTER CUNEO, Respondent, et al., Defendants. [700 NYS2d 495] —In an action, *inter alia*, for a judgment declaring the rights and liabilities of the respective parties pursuant to a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Lawlor, R.), dated September 29, 1998, as, in effect, upon granting their motion for reargument, adhered to the original determination in an amended report of the same Referee dated June 13, 1996, and directed that the defendant Walter Cuneo receive $445,555.36 being held in an escrow account.

Ordered that the order and judgment is reversed insofar as appealed from, with costs, the amended Referee's report dated June 13, 1996, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and determination before a different Referee.

Although the court did not improvidently exercise its discretion in appointing a Referee to hear and determine the issue in dispute pursuant to CPLR 4317 (b), the Referee's failure to ad-

dress issues of credibility, as well as his determination that he was without authority to resolve factual disputes, requires vacatur of his amended report dated June 13, 1996. A Referee appointed to hear and determine an issue has "all the powers of the court in performing a like function" (CPLR 4301; *Muir v Cuneo,* 251 AD2d 638, 639). It is well established that where questions of fact are submitted to a Referee, it is the function of the Referee to determine the issues presented, as well as to resolve conflicting testimony and matters of credibility (*see, Freedman v Freedman,* 211 AD2d 580; *Kardanis v Velis,* 90 AD2d 727; *Falcone v Falcone,* 24 AD2d 50, 54-55). Furthermore, in this case, the Referee's failure to have the proceedings recorded renders meaningful appellate review of the proceedings impossible. Based upon the total record, the matter should be remitted to a different Referee for a new hearing and determination.

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., O'Brien, McGinity and Feuerstein, JJ., concur.