■ CHRISTOPHER LLOYD ROSS et al., Respondents, v KENT AVENUE PROPERTY 1-B, LLC, et al., Appellants. [926 NYS2d 118]—

In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated July 19, 2010, which granted the plaintiffs' cross motion, in effect, for leave to enter a judgment in their favor and to confirm a referee's report (Kurtz, Ct. Atty. Ref.), dated March 2, 2010, made after a hearing.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

On January 29, 2007, the plaintiffs, as purchasers, entered into a contract with the defendant Kent Avenue Property 1-B, LLC, as seller, for the purchase of a condominium unit at certain property located in Brooklyn. The contract contained an arbitration provision.

In September 2008 the plaintiffs commenced the instant action in the Supreme Court, Kings County, inter alia, to recover a down payment they made, upon the signing of the contract, in the principal sum of $47,499. In the verified complaint, the plaintiffs alleged, among other things, that they were fraudulently induced to enter into the contract.

The defendants moved to dismiss the complaint and to compel arbitration. In an order dated February 18, 2009, the Supreme Court granted the defendants' motion to the extent that it directed a hearing on the issue of "whether a valid agreement to arbitrate exist[ed]." A hearing was thereafter conducted before a referee. On March 2, 2010, the referee issued a one-sentence report that did not expressly address the issue referred to her by the Supreme Court.

The defendants moved to "enforce the [Supreme] Court's February 18, 2009" order. The plaintiffs cross-moved, in effect, for leave to enter a judgment in their favor and to confirm the referee's report. The Supreme Court granted the plaintiffs' cross motion and confirmed the referee's report. We reverse.

The referee's report did not directly respond to the issue presented. Thus, the Supreme Court should not have confirmed the report. Accordingly, we remit the matter to the Supreme Court, Kings County, for further proceedings on the issue of whether the arbitration agreement contained in the contract of sale is valid. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.