In a matrimonial action in which the parties were divorced by judgment dated April 21, 1994, the plaintiff appeals (1) from an order of the Supreme Court, Richmond County (Panepinto, J.), *928 dated February 6, 2009, (2), as limited by her brief, from so much of a resettled order of the same court (DeLizzo, Ct. Atty. Ref.), dated April 20, 2010, as, after a hearing, denied her post-judgment motion, in effect, for enforcement of certain provisions of the parties’ stipulation of settlement, and (3) from an order of the same court (Panepinto, J.), dated June 30, 2011, which denied her postjudgment motion for leave to enter a money judgment to compensate her for the value of certain real property and damages arising from the defendant’s alleged breach of a certain agreement entered into between the parties on March 16, 1994, and March 17, 1994.
Ordered that the appeal from the order dated February 6, 2009, is dismissed as abandoned; and it is further,
Ordered that the resettled order dated April 20, 2010, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a new hearing before a different Referee and a new determination thereafter on the plaintiffs postjudgment motion, in effect, for enforcement of certain provisions of the parties’ stipulation of settlement; and it is further,
Ordered that the order dated June 30, 2011, is affirmed, without costs or disbursements.
The parties are former husband and wife who entered into a stipulation of settlement in 1994 (hereinafter the 1994 agreement), which was thereafter incorporated but not merged into a judgment of divorce. The 1994 agreement, in relevant part, obligated the defendant to transfer, to a trust established for the benefit of the parties’ child, the defendant’s interest in certain real property located in Bellerose, Queens, which was an asset of the estate of the defendant’s deceased mother (hereinafter the Bellerose property). In July 2006, following a nonjury trial, the Supreme Court modified the 1994 agreement, in relevant part, by directing the defendant to transfer, to the trust, the proceeds “that he may have or that it is determined by a court of competent jurisdiction that he may have” received from the sale of the Bellerose property.
In December 2008, the plaintiff moved, in effect, for enforcement of certain provisions of the 1994 agreement, as modified in July 2006, and the Supreme Court referred the motion to a Referee to hear and determine. Following a hearing, the Referee, inter alia, denied the plaintiffs motion in an order dated April 20, 2010. The Referee determined, among other things, that the defendant had renounced his interest in the Bellerose property in 1979, when he filed a renunciation of his inheritance from his mother’s estate.
*929 Contrary to the Referee’s determination, the defendant failed to establish that his renunciation of his interest in his mother’s estate was valid because he failed to provide conclusive documentation that the renunciation was filed within nine months of his mother’s death (see EPTL 2-1.11 [b] [2] [A]; [c] [2]). Further, the Referee failed to determine what proceeds, if any, the defendant received from the sale of the Bellerose property. Accordingly, the matter must be remitted to the Supreme Court, Richmond County, for a new hearing and determination thereafter on the plaintiffs postjudgment motion, in effect, for enforcement of the relevant provisions of the parties’ stipulation of settlement, including a determination regarding the amount of proceeds, if any, that the defendant received from the sale of the Bellerose property (see Muir v Cuneo, 267 AD2d 439 [1999]). Under the particular circumstances of this case, the new hearing should be before a different Referee.
The Supreme Court properly denied the plaintiffs motion for leave to enter a money judgment to compensate her for the value of the defendant’s former interest in the Bellerose property and damages allegedly arising from his failure to comply with the 1994 agreement, in light of the July 2006 modification of the parties’ rights and obligations thereunder (see Gagliardo v Gagliardo, 151 AD2d 718 [1989]).
The parties’ remaining contentions are without merit. Rivera, J.E, Chambers, Hall and Roman, JJ., concur.