■ LINDA RACKIS, Appellant, v ROBERT ADELMAN, Respondent. [56 NYS3d 338]—

Appeal from an amended order of the Supreme Court, Richmond County (Barbara I. Panepinto, J.), dated March 6, 2015. The amended order, insofar as appealed from, denied the plaintiff's motion to reject so much of the report of a Referee as found that the plaintiff failed to prove that the defendant received any proceeds from the sale of certain real property, and granted that branch of the defendant's cross motion which was to confirm so much of the report as made that finding.

Ordered that the amended order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion to reject so much of the report of the Referee as found that the plaintiff failed to prove that the defendant received any proceeds from the sale of certain real property is granted, that branch of the defendant's cross motion which was to confirm so much of the report as made that finding is denied, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate judgment.

The parties are a former husband and wife who entered into a stipulation of settlement in 1994 (hereinafter the 1994 agreement), which was thereafter incorporated but not merged into a judgment of divorce. The 1994 agreement, in relevant part, obligated the defendant to transfer, to a trust established for the benefit of the parties' child, the defendant's interest in certain real property located in Bellerose, Queens (hereinafter the Bellerose property), which was an asset of the estate of the defendant's deceased mother. In July 2006, following a nonjury trial, the Supreme Court modified the 1994 agreement, in relevant part, by directing the defendant to transfer to the trust "a cash amount equal to any and all right, title and interest in and to [the Bellerose property], or to the proceeds of its sale, that he may have or that it is determined by a court of competent jurisdiction that he may have" (hereinafter the amended agreement).

In December 2008, the plaintiff made a postjudgment motion, in effect, to enforce that provision of the amended agreement, contending that the defendant had violated that provision by failing to transfer any funds to the trust. The Supreme Court referred the motion to a Referee to hear and determine. Following a hearing, the Referee denied the motion in an order dated April 20, 2010. The Referee determined, among other things, that the defendant had renounced his interest in the Bellerose property in 1979, when he filed a renunciation of his inheritance from his mother's estate. The plaintiff appealed, and, as is relevant to this appeal, this Court reversed the Referee's order and remitted the matter to the Supreme Court,

Richmond County, for a new hearing before a different Referee and a new determination thereafter of the motion (*see Rackis v Adelman*, 104 AD3d 927 [2013]).

On remittitur, the Supreme Court referred the plaintiff's postjudgment motion to a different Referee to hear and report with recommendations. Following a hearing, the Referee issued a report in which she found that the defendant failed to establish that his renunciation was valid, but that the plaintiff failed to prove that the defendant received any money from the sale of the Bellerose property. In an order dated March 6, 2015 (hereinafter the March 2015 order), the Supreme Court, inter alia, denied the plaintiff's motion to reject so much of the Referee's report as found that the plaintiff failed to prove that the defendant received any proceeds from the sale of the Bellerose property and granted that branch of the defendant's cross motion which was to confirm so much of the report as made that finding. The plaintiff appeals.

Although "[t]he report of a Referee should be confirmed whenever the findings are substantially supported by the record, and the Referee has clearly defined the issues and resolved matters of credibility" (*Pittoni v Boland*, 278 AD2d 396, 396 [2000], quoting *Stone v Stone*, 229 AD2d 388, 388 [1996]; *see Thomas v Thomas*, 21 AD3d 949 [2005]; *Matter of Smiros v Lopez*, 251 AD2d 587 [1998]), here, the Referee did not directly address the issue referred to her (*see Ross v Kent Ave. Prop. 1-B, LLC*, 85 AD3d 894, 895 [2011]). Instead, the Referee improperly defined the issue referred to her as whether the defendant received any proceeds from the sale of the Bellerose property, rather than whether the defendant had any "right, title and interest in and to [the Bellerose property], *or* to the proceeds of its sale" (emphasis added).

As an initial matter, that portion of the March 2015 order that confirmed so much of the report of the Referee as found that the defendant failed to establish that the renunciation of his interest in his mother's estate was valid has not been appealed. Thus, the only relevant issue on appeal is whether the plaintiff proved the value of the interest the defendant inherited from his mother's estate. To that end, the plaintiff introduced at the hearing a copy of the will of the defendant's mother, which provided that her entire estate, including real and personal property, was devised to the defendant and his brother in "equal portion." Inasmuch as the defendant failed to establish a valid renunciation, that evidence was sufficient to establish that the defendant had a 50% interest in the Bellerose property. The defendant failed to introduce any evidence

to rebut this proof at the hearing. The defendant also conceded at the hearing that the net proceeds of the sale of the Bellerose property was the sum of $319,000.

Although the defendant denied receiving any portion of the proceeds of the sale of the Bellerose property, in order to succeed on her motion to enforce that provision of the parties' amended agreement which required the defendant to transfer, to the trust, "a cash amount equal to any and all right, title and interest in [the Bellerose property], or to the proceeds of its sale, that he may have," the plaintiff was not required to prove that the defendant actually received any of the proceeds. Rather, it was sufficient for the plaintiff to establish (1) that the defendant had a "right, title and interest" in the Bellerose property, and (2) the value of such interest.

Since the plaintiff established that the defendant had a 50% interest in the Bellerose property, and also showed that the net proceeds of the sale of the Bellerose property was the sum of $319,000, the Referee should have found that, for the purpose of determining the cash amount that the defendant was required to pay into the trust pursuant to the amended agreement, the defendant's interest in the property was equivalent to the sum of $159,500, which is 50% of the net proceeds from the sale.

Since the Referee only considered whether the defendant had received proceeds from the sale, rather than determining what the defendant's right, title, and interest in the property was, the Supreme Court should have granted the plaintiff's motion to reject so much of the report of the Referee as found that the plaintiff failed to prove that the defendant received any proceeds from the sale of the Bellerose property and denied that branch of the defendant's motion which was to confirm so much of the report as made that finding (*see Ross v Kent Ave. Prop. 1-B, LLC*, 85 AD3d at 895). Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.