■ In the Matter of ALEXANDER SMIROS, Respondent, v RICHARD LOPEZ et al., Appellants, et al., Respondents. [675 NYS2d 95] —In a proceeding for judicial dissolution of two corporations, the appeal is from a judgment of the Supreme Court, Westchester County (Scarpino, J.), which, upon confirming a Referee's report, is in favor of the petitioner in the principal sum of $68,000. The notice of appeal from an order of the same court, entered June 23, 1997, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is modified, on the law and the facts, by reducing the amount awarded to the plaintiff from the principal sum of $68,000 to the principal sum of $55,375; as so modified, the judgment is affirmed, without costs or disbursements, the order dated June 23, 1997, is amended accordingly, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

The report of a Referee should be confirmed whenever the findings are substantially supported by the record, and the Referee has clearly defined the issues and resolved matters of credibility (*see, Stone v Stone,* 229 AD2d 388; *Frater v Lavine,* 229 AD2d 564; *Kaplan v Einy,* 209 AD2d 248; *Tai Wing Hong Importers v King Realty Corp.,* 208 AD2d 710, 711; *United States Trust Co. v Olsen,* 194 AD2d 481). Here, however, the Referee acknowledged that the only proof with respect to the petitioner's claim that the appellants diverted $66,625 from Repro-Blue, Inc., to B&B Blue Print Company, Inc., was two checks, in the amounts of $3,000 and $500 respectively, made payable from Repro-Blue, Inc., to the appellant Richard Lopez. The Referee further determined that the testimony as to any other diversion of income was "inconclusive". Accordingly, the

Referee improperly awarded the petitioner $13,325, or 20% of $66,625. The award therefore must be reduced to $700 or 20% of $3,500, and the principal sum of the judgment must be modified accordingly.

The appellants' remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.