■ GLEN L. SPIRITIS, Respondent, v VILLAGE OF HEMPSTEAD COMMUNITY DEVELOPMENT AGENCY, Appellant. [880 NYS2d 543]— In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Dana, Ct. Atty. Ref.), entered November 28, 2007, which is in favor of the plaintiff and against it in the principal sum of $410,437.14.

Ordered that the judgment is affirmed, with costs.

As a general rule, this Court does not consider an issue raised on a subsequent appeal that was or could have been raised on a prior appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). The defendant appealed from an order dated July 28, 2006, which granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the first four causes of action. That appeal was dismissed as abandoned by decision and order on motion of this Court dated August 13, 2007. The dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal. We decline to exercise our discretion to determine the merits of the present appeal to the extent that it raises issues that could have been raised on the appeal from the prior order that was dismissed for failure to perfect (*see Bray v Cox,* 38 NY2d 350 [1976]; *Utility Audit Group v Apple Mac & R Corp.,* 59 AD3d 707 [2009]; *Princeton Ins. Co. v Jenny Exhaust Sys., Inc.,* 49 AD3d 518 [2008]).

Contrary to the defendant's remaining contention, the award for the hours the plaintiff worked between February 1, 2004, and September 20, 2004, did not exceed the amount authorized by the contract between the parties. Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.