■ CITIMORTGAGE, INC., Respondent, v WILLIAM B.F. KIDD et al., Defendants, and YUKO KIDD, Appellant. [49 NYS3d 482]—

In an action to foreclose a mortgage, the defendant Yuko Kidd appeals from a judgment of foreclosure and sale of the Supreme Court, Westchester County (Giacomo, J.), dated

March 31, 2014, which, upon an order of the same court entered March 15, 2012, confirmed a referee's report and directed the sale of the subject premises in one parcel.

Ordered that the judgment is reversed, on the law, with costs, the referee's report is rejected, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

In an order entered March 15, 2012, the Supreme Court, inter alia, awarded the plaintiff summary judgment on the complaint and denied the cross motion of the defendant Yuko Kidd (hereinafter the defendant) for summary judgment dismissing the complaint. The defendant's appeal from that order was dismissed by a decision and order on motion of this Court dated May 3, 2013, for failure to perfect (*see* 22 NYCRR 670.8 [e]). As a general rule, we do not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (*see Bray v Cox*, 38 NY2d 350 [1976]; *Green Tree Credit, LLC v Jelks*, 120 AD3d 1299 [2014]; *Madison Realty Capital, L.P. v Broken Angel, LLC*, 107 AD3d 766 [2013]; *Spiritis v Village of Hempstead Community Dev. Agency*, 63 AD3d 907 [2009]). We decline to exercise our jurisdiction to determine the merits of the present appeal to the extent that it raises issues that could have been raised on the appeal from the order dated March 15, 2012 (*see Bray v Cox*, 38 NY2d 350 [1976]; *Green Tree Credit, LLC v Jelks*, 120 AD3d 1299 [2014]; *Kapsis v Peragine*, 96 AD3d 804 [2012]; *Spiritis v Village of Hempstead Community Dev. Agency*, 63 AD3d 907 [2009]).

However, as the defendant correctly contends, the Supreme Court erred in confirming the referee's report. The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility (*see Matter of Cincotta*, 139 AD3d 1058 [2016]; *Hudson v Smith*, 127 AD3d 816 [2015]; *Matter of County Conduit Corp.*, 49 AD3d 641 [2008]; *Thomas v Thomas*, 21 AD3d 949 [2005]; *Matter of Smiros v Lopez*, 251 AD2d 587 [1998]). The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute (*see Shultis v Woodstock Land Dev. Assoc.*, 195 AD2d 677 [1993]). Here, as the defendant contended in opposition to the plaintiff's submissions, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record inasmuch as the computation

was premised upon unproduced business records (*see Republic Natl. Bank of N.Y. v Luis Winston, Inc.*, 107 AD2d 581 [1985]; *cf. Galasso, Langione & Botter, LLP v Galasso*, 89 AD3d 897 [2011]; *see generally Shen v Shen*, 21 AD3d 1078 [2005]). Moreover, the referee's report also failed to identify the documents or other sources upon which the referee based his finding that the mortgaged premises should be sold in one parcel, and failed to answer the court's specific question of whether the mortgaged premises could be sold in parcels. In confirming the report, the Supreme Court improperly relied on the referee's inadequately supported findings.

Accordingly, we remit the matter to the Supreme Court, Westchester County, for a new report computing the amount due to the plaintiff in accordance herewith, and determining whether the subject premises can be sold in parcels, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter. Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.