HSBC Bank USA, N.A. v Cherestal (2019 NY Slip Op 08660)





HSBC Bank USA, N.A. v Cherestal


2019 NY Slip Op 08660


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2016-11838 
2018-07536
 (Index No. 511359/14)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Antoine Y. Cherestal, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David, Madeline Greenblatt, and Sholom Wohlgelernter of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, Leah Rabinowitz Lenz, Lisa J. Fried, and Leah Edmunds of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Antoine Y. Cherestal appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 6, 2016, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated March 27, 2018. The order denied the motion of the defendant Antoine Y. Cherestal pursuant to CPLR 317 to vacate his default and to compel the plaintiff to accept his late answer. The order and judgment of foreclosure and sale, upon an order of the same court dated March 27, 2018, inter alia, denying that branch of the cross motion of the defendant Antoine Y. Cherestal which was to reject the referee's report, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated September 6, 2016, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, that branch of the cross motion of the defendant Antoine Y. Cherestal which was to reject the referee's report is granted, the referee's report is rejected, the order dated March 27, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant Antoine Y. Cherestal.
The appeal from the order dated September 6, 2016, must be dismissed as the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In December 2014, the plaintiff commenced this action against the defendant Antoine Y. Cherestal (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Brooklyn. The defendant failed to timely appear or answer the complaint. In May 2016, the defendant moved to vacate his default and to compel the plaintiff to accept his late answer. By order dated September 6, 2016, the Supreme Court denied the defendant's motion. The court subsequently referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
In April 2017, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, to reject the referee's report. By order dated March 27, 2018, the Supreme Court denied that branch of the defendant's cross motion and, on the same day, issued an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property.
We agree with the Supreme Court's denial of the defendant's motion pursuant to CPLR 317 to vacate his default and to compel the plaintiff to accept his late answer. CPLR 317 permits a defendant who has been served with a summons and complaint other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons and complaint in time to defend and has a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Taron Partners, LLC v McCormick, 173 AD3d 927, 929; Wassertheil v Elburg, LLC, 94 AD3d 753, 754). Although it is not necessary for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for his or her delay (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141), "to support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party did not receive actual notice of the summons and complaint in time to defend the action" (Taron Partners, LLC, 173 AD3d at 929 [internal quotation marks omitted]; Wassertheil v Elburg, LLC, 94 AD3d at 754 [internal quotation marks omitted]).
Here, the defendant was not entitled to relief pursuant to CPLR 317, as he failed to show that he did not receive notice of the action in time to defend himself against it (see Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558). The mere denial of receipt of the summons and complaint is insufficient to establish a lack of actual notice for the purpose of CPLR 317 (see Citimortgage, Inc. v Kowalski, 130 AD3d at 558; U.S. Bank N.A.v Hasan, 126 AD3d 683, 684-685). Moreover, the defendant failed to establish a potentially meritorious defense based on lack of standing, since the plaintiff annexed the note, indorsed in blank, to the complaint at the time the action was commenced (see U.S. Bank, N.A. v Nathan, 173 AD3d 1112, 1114; Wells Fargo Bank, N.A. v Ballard, 172 AD3d 1440, 1441-1142; U.S. Bank, N.A. v Fisher, 169 AD3d 1089, 1090).
However, the Supreme Court should have granted that branch of the defendant's cross motion which was to reject the referee's report. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790,790-791; see JNG Constr., Ltd. v Roussopoulos, 170 AD3d 1136, 1141; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768). "The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Citimortgage, Inc. v Kidd, 148 AD3d at 768; see Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677, 678).
Here, in addition to the outstanding principal amount of the loan, along with accrued interest and charges, the referee included $507,095.35 in "Tax Disbursements" and $27,705.00 in "Hazard Insurance Disbursements" as part of the total amount due to the plaintiff. The defendant correctly objected to the inclusion of these disbursements on the ground that they were calculated based on business records that were never produced by the plaintiff or submitted to the referee (see CPLR 4518[a]; Citimortgage, Inc. v Kidd, 148 AD3d at 768-769; see also Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206).
The parties' remaining contentions are without merit.
Accordingly, we reverse the order and judgment of foreclosure and sale, deny the [*2]plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale; grant that branch of the defendant's cross motion which was to reject the referee's report, modify the order dated March 27, 2018, accordingly, and remit the matter to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter (see Citimortgage v Kidd, 148 AD3d at 769).
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court