Nationstar Mtge., LLC v Cavallaro (2020 NY Slip Op 01624)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Nationstar Mtge., LLC v Cavallaro

2020 NY Slip Op 01624

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-06974 
2017-06975
(Index No. 64280/13)

[*1]Nationstar Mortgage, LLC, respondent,
vPeter Cavallaro, appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Sandelands Eyet LLP, New York, NY (Mitchell Zipkin and Oran Schwager of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated May 2, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, entered May 8, 2017. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of [*2]credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see Matter of Cincotta, 139 AD3d 1058; Hudson v Smith, 127 AD3d 816). Here, contrary to the plaintiff's contention, the affidavit of its document execution specialist, submitted for the purpose of establishing the amount due and owing under the subject mortgage loan, constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records he purportedly relied upon in making his calculations (see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Under the circumstances, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record (see U.S. Bank N.A. v Calabro, 175 AD3d 1451; Citimortgage, Inc. v Kidd, 148 AD3d at 768-769).
In view of our determination, we need not reach the defendant's remaining contention.
Accordingly, we reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, modify the order accordingly, and remit the matter to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court