HSBC Bank USA, N.A. v Tigani (2020 NY Slip Op 03901)





HSBC Bank USA, N.A. v Tigani


2020 NY Slip Op 03901


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-09827 
2018-09828
 (Index No. 66387/16)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Teri Tigani, et al., defendants, Two Edgewood Partners, LLC, appellant.


Clair & Gjertsen, White Plains, NY (Ira S. Clair and Mary Aufrecht of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Two Edgewood Partners, LLC, appeals from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated July 11, 2018, and (2) a judgment of foreclosure and sale of the same court also dated July 11, 2018. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon an order of the same court dated May 3, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Two Edgewood Partners, LLC, to strike that defendant's answer, and to appoint a referee to compute the amount due to the plaintiff, and upon the order dated July 11, 2018, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order dated July 11, 2018, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order dated July 11, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant Two Edgewood Partners, LLC.
The appeal from the order dated July 11, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
On September 16, 2005, the defendant Teri Tigani executed a note in the sum of [*2]$760,000 in favor of GreenPoint Mortgage Funding, Inc. The note was secured by a mortgage executed by Tigani encumbering certain real property located in Rye Brook (hereinafter the premises). Tigani later transferred title to the premises to the defendant Two Edgewood Partners, LLC (hereinafter TEP).
In October 2016, the plaintiff commenced this action against Tigani and TEP, among others, to foreclose the mortgage. A copy of the subject mortgage and note, which contained an undated endorsement to the plaintiff, was annexed to the complaint. The complaint alleged, among other things, that Tigani did not comply with the terms of the note and mortgage inasmuch as she failed to make a payment that was due on June 1, 2009, and subsequent payments. Tigani failed to answer the complaint; however, TEP answered the complaint, raising, inter alia, the affirmative defenses of lack of standing and failure to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against TEP, to strike TEP's answer, for leave to enter a default judgment in its favor against the remaining defendants, and to appoint a referee to compute the amount due to the plaintiff. TEP opposed the motion. In an order dated May 3, 2017, the Supreme Court granted the plaintiff's motion. The next day, the Supreme Court issued an order, inter alia, striking TEP's answer and appointing a referee. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. TEP opposed the motion. By order dated July 11, 2018, the court granted the plaintiff's motion. A judgment of foreclosure and sale was issued that same date, inter alia, confirming the referee's report and directing the sale of the subject property.
As a threshold matter, we reject TEP's contention that summary judgment was premature because discovery has not been completed. "A party who seeks a finding that a summary judgment motion is premature is required to put forth some evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Reale v Tsoukas, 146 AD3d 833, 835 [internal quotation marks omitted]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944 [internal quotation marks omitted]). Here, TEP failed to satisfy its burden (see Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 557-558; Wells Fargo Bank, N.A. v Sasson, 167 AD3d 818, 819; Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1235-1236).
"Where, as here, a defendant raises lack of standing as a defense, the plaintiff bears the burden of demonstrating its standing" (U.S. Bank N.A. v Echevarria, 171 AD3d 979, 980; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank N.A. v Echevarria, 171 AD3d at 980; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Echevarria, 171 AD3d at 980; see Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992).
Here, contrary to TEP's contention, the plaintiff established its standing by attaching a copy of the note, endorsed to the plaintiff, to the complaint, thereby "demonstrating that it had physical possession of the note when it commenced the action" (U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1090-1091; see U.S. Bank N.A. v Combs, 177 AD3d 1014, 1016; U.S. Bank N.A. v Echevarria, 171 AD3d at 980; JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223). In opposition, TEP failed to raise a triable issue of fact as to whether the plaintiff had standing. Inasmuch as the mortgage "passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362), TEP's arguments regarding the validity and timing of various assignments of the mortgage are irrelevant to the issue of standing (see Aurora Loan Servs., LLC v Taylor, 23 NY3d at 362; U.S. Bank N.A. v Combs, 177 AD3d at 1016; Bank of N.Y. Mellon v Hosein, 172 AD3d 798, 799; U.S. Bank N.A. v Echevarria, 171 AD3d at 981; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 204).
TEP's contention that the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304 is without merit. The notice requirements of RPAPL 1304 were enacted for the benefit and protection of borrowers who are "natural person[s]" (RPAPL 1304[6][a][1][i]). Although TEP, as the alleged current owner of the premises, is a proper party to this foreclosure action, the statutory defense created by RPAPL 1302(2) for noncompliance with RPAPL 1304 is a " personal defense' which could not be raised by [TEP], a stranger to the note and underlying mortgage" (Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024, quoting Greene v Rachlin, 154 AD3d 814, 816). Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against TEP, to strike TEP's answer, and to appoint a referee to compute the amount due to the plaintiff.
TEP's contention regarding execution of the out-of-state affidavits is without merit (see CPLR 2309; Real Property Law § 309-b).
However, the Supreme Court should not have confirmed the referee's report in the absence of a hearing on notice to TEP (see CPLR 4313; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629, affd 25 NY3d 355; 243 W. 98th Condominium v Shapiro, 12 AD3d 591, 592). Although the notice accompanying the plaintiff's proposed referee's oath notified TEP of the due date for the submission of documents to the referee, it did not indicate that the submission of such papers would be in lieu of a hearing (see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d at 1236). Further, the Supreme Court erred in rejecting TEP's contention, raised in opposition to the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, that " [t]he referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record inasmuch as the computation was premised upon unproduced business records'" (U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452, quoting Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769; see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1310-1311; Bank of N.Y. Mellon v Gitit Graffi, 172 AD3d 1148, 1149). Moreover, the referee's report also failed to identify any documents or other sources upon which the referee based her finding that the mortgaged premises should be sold in one parcel (see Citimortgage, Inc. v Kidd, 148 AD3d at 769).
Accordingly, we reverse the judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, modify the order dated July 11, 2018, accordingly, remit the matter to the Supreme Court, Westchester County, for a hearing and a new report computing the amount due to the plaintiff in accordance herewith and determining whether the subject premises can be sold in one parcel, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court