Bank of N.Y. Mellon v Fontana (2020 NY Slip Op 04375)





Bank of N.Y. Mellon v Fontana


2020 NY Slip Op 04375


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-01190
 (Index No. 2019/12)

[*1]Bank of New York Mellon, etc., respondent,
v
Leonard M. Fontana, Jr., etc., et al., appellants, et al., defendants.


Tirelli & Wallshein PLLC, Melville, NY (Charles H. Wallshein of counsel), for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Leonard M. Fontana, Jr., and Catherine Fontana appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 14, 2017. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion, in effect, to confirm a referee's report and for leave to enter a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal by the defendant Catherine Fontana is dismissed, as no appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed on the appeal by the defendant Leonard M. Fontana, Jr., on the law, the plaintiff's motion, in effect, to confirm the referee's report and for leave to enter a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that the defendant Leonard M. Fontana, Jr., is awarded one bill of costs.
The Supreme Court should have denied the plaintiff's motion, in effect, to confirm the referee's report and for leave to enter a judgment of foreclosure and sale. In support of its motion, the plaintiff relied upon the affidavit of a representative of its loan servicer, who attested, based upon his review of the servicer's books and records, to the amount due under the mortgage loan. However, the plaintiff's affiant failed to annex or otherwise produce the subject business records. Under the circumstances, the affidavit relied upon by the plaintiff constituted inadmissible hearsay and lacked probative value, and the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record (see U.S. Bank N.A.v Calabro, 175 AD3d 1451; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769; see also Bank of N.Y. Mellon v [*2]Gordon, 171 AD3d 197, 208-209).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion, in effect, to confirm the referee's report and for leave to enter a judgment of foreclosure and sale, and remit the matter to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court