IndyMac Fed. Bank, FSB v Vantassell (2020 NY Slip Op 05495)





IndyMac Fed. Bank, FSB v Vantassell


2020 NY Slip Op 05495


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-04028
2018-04029
 (Index No. 18371/09)

[*1]IndyMac Federal Bank, FSB, respondent,
v
Kimberly Vantassell, etc., appellant, et al., defendant.


Charles Wallshein, Melville, NY (Michael W. DeTrano of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Patrick G. Broderick of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kimberly Vantassell appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 17, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also dated January 17, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the referee's report is rejected, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant Kimberly Vantassell.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In May 2009, the plaintiff commenced this action against the defendant Kimberly Vantassell (hereinafter the defendant), among others, to foreclose the subject mortgage, alleging that the defendant had defaulted on mortgage payments due November 1, 2008, and thereafter. The defendant answered, raising affirmative defenses and asserting counterclaims. In an order dated April 14, 2010, the Supreme Court granted a motion by the plaintiff, inter alia, for summary [*2]judgment on the complaint insofar as asserted against the defendant and dismissing her counterclaims, to strike her answer, and for an order of reference, and appointed a referee to compute the amount due.
The plaintiff subsequently moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion, challenging, inter alia, the referee's calculations. In an order dated January 17, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale of the same date, the court, among other things, confirmed the referee's report and directed a sale of the subject property. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682). "The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1310).
With respect to the amount due to the plaintiff, the referee based his findings on an affidavit of Jillian Thrasher, a vice president of Ocwen Loan Servicing, LLC (hereinafter Ocwen), the servicer of the subject loan. Attached to Thrasher's affidavit was an eight-page printout of costs, interest, and interest rates from October 1, 2008, to March 27, 2015, and a breakdown of the totals as of March 27, 2015, which Thrasher reproduced in her affidavit and the referee set forth in his report.
"A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Federal Natl. Mtge. Assn. v Marlin, 168 AD3d 679, 681; see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d at 1310). Here, Thrasher's affidavit was insufficient to establish a proper foundation for the admission of a business record pursuant to CPLR 4518(a), because she failed to attest that she was personally familiar with the record-keeping practices and procedures of her employer, Ocwen, the entity that generated the subject business records. Accordingly, she failed to demonstrate that the records relied upon in her affidavit were admissible under the business records exception to the hearsay rule (see HSBC Bank USA, N.A. v Williams, 177 AD3d 950, 954; US Bank N.A. v Hunte, 176 AD3d 894, 896; Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782-783). Thus, Thrasher's affidavit, upon which the referee relied, "constituted inadmissible hearsay and lacked probative value" on the issue of the amount due and owing to the plaintiff, including the amount of interest due for the relevant period (HSBC Bank USA, N.A. v Bazigos, 175 AD3d 1506, 1508), and the Supreme Court erred in confirming the report. The error in relying on hearsay evidence was not harmless, as the referee's determination is not substantially supported by other evidence in the record (see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d at 1311; cf. U.S. Bank N.A. v Kaur, 177 AD3d 1016, 1018).
In light of our determination, we do not reach the parties' remaining contentions.
Accordingly, we reverse the order and judgment of foreclosure and sale insofar as appealed from, deny those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, modify the order dated January 17, 2018, accordingly, and remit the matter to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court