Wilmington Sav. Fund Socy., FSB v Mehraban (2021 NY Slip Op 01802)





Wilmington Sav. Fund Socy., FSB v Mehraban


2021 NY Slip Op 01802


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-00462
 (Index No. 9662/14)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Mayer Mehraban, appellant, et al., defendants.


Michael S. Winokur, Flushing, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mayer Mehraban appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 13, 2018. The order and judgment of foreclosure and sale, upon an order of the same court entered June 20, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, and upon an order of the same court also entered December 13, 2018, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order entered December 13, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
On August 27, 2004, the defendant Mayer Mehraban (hereinafter the defendant) executed and delivered to Washington Mutual Bank, FA (hereinafter WaMu) a note (hereinafter the 2004 note) promising to repay a loan in the amount of $544,000, secured by a mortgage encumbering residential property located in Glen Head. On December 22, 2006, the defendant executed and delivered to WaMu an Extension and Modification Agreement (hereinafter CEMA), a fixed/adjustable rate note in the amount of $540,000 (hereinafter the 2006 note), and a mortgage (hereinafter the 2006 mortgage). On February 5, 2013, the Federal Deposit Insurance Corporation, as receiver of WaMu, assigned the 2006 note and mortgage to Bank of America, National Association (hereinafter BOA). On October 7, 2014, BOA commenced this action to foreclose the mortgage, alleging, inter alia, that the defendant had defaulted on the mortgage payment due September 1, 2013, and all payments due thereafter. The defendant answered, raising, among other things, lack of standing as an affirmative defense.
In February 2015, the subject loan was transferred and assigned to Wilmington [*2]Savings Fund Society, FSB (hereinafter Wilmington). In December 2015, Wilmington moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion. The Supreme Court granted Wilmington's motion.
Wilmington subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The Supreme Court granted the motion in an order entered December 13, 2018. In an order and judgment of foreclosure and sale, also entered December 13, 2018, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
There is no merit to the defendant's arguments, based on alleged deficiencies in the assignments of the notes and mortgages, and the purported insufficiency of a lost note affidavit, that Wilmington failed to establish, prima facie, that BOA had standing to commence this foreclosure action. First, since Wilmington relied solely upon BOA's physical possession of the 2006 note, the alleged existence of deficiencies in the assignments of mortgage is irrelevant (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362). As to the defendant's contention that Wilmington's submissions left a gap in the chain of title, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; see Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 557).
With regard to the lost note affidavit, which pertains to the 2004 note, the defendant's underlying premise is incorrect, as the note at issue here is the 2006 note, not the 2004 note. "Critically, the CE[MA] makes clear that the [2006] note superseded the [2004] note[ ] and is the operative document in this case" (Wells Fargo Bank N.A. v Ho-Shing, 168 AD3d 126, 132). Moreover, the complaint states that "wherever the Note and Mortgage are referred to in this pleading, it is with respect to the Note and Mortgage as modified" (emphasis added), i.e., the 2006 note and the 2006 mortgage. Since BOA sought to foreclose only the 2006 note and mortgage, not the 2004 note and mortgage, Wilmington was required to demonstrate that BOA was the holder of the 2006 note at the time the action was commenced, not of the superseded 2004 lost note (see Wells Fargo Bank N.A. v Ho-Shing, 168 AD3d at 132). Since the 2004 note was not the basis for granting the motion for summary judgment, the sufficiency of the lost note affidavit is irrelevant, as are the defendant's arguments, also based on purported questions regarding the lost note, that the motion for summary judgment was premature. Furthermore, since BOA was not seeking to recover on a lost instrument, UCC 3-804 did not apply so as to require BOA to post security.
The defendant's contentions regarding the language of the 2006 note and alleged subsequent alterations of that note, raised for the first time on appeal, are not properly before this Court (see Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 885).
However, the Supreme Court should have denied Wilmington's motion to confirm the referee's report and for a judgment of foreclosure and sale. "[T]he referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record inasmuch as the computation was premised upon unproduced business records" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769; see Bank of N.Y. Mellon v Fontana, 186 AD3d 445; U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452). "Moreover, the referee's report also failed to identify the documents or other sources upon which the referee based his finding that the mortgaged premises should be sold in one parcel, and failed to answer the court's specific question of whether the mortgaged premises could be sold in parcels" (Citimortgage, Inc. v Kidd, 148 AD3d at 769). Thus, in confirming the report, the court should not have relied on the referee's inadequately supported findings (see id.). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court