Wells Fargo Bank, N.A. v Dhanani (2022 NY Slip Op 00460)





Wells Fargo Bank, N.A. v Dhanani


2022 NY Slip Op 00460


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2018-10963 
2019-03445
 (Index No. 708463/14)

[*1]Wells Fargo Bank, N.A., respondent,
v
Zikar Dhanani, et al., appellants, et al., defendants.


Alexander Krul, Jericho, NY, for appellants.
Shapiro, DiCaro & Barak, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant TZ Dhanani appeals, and the defendant Zikar Dhanani purportedly appeals, from (1) a decision of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated May 3, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered May 11, 2018. The order and judgment of foreclosure and sale, insofar as appealed from, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeals purportedly taken by the defendant Zikar Dhanani are dismissed, and so much of the order and judgment of foreclosure and sale as is against him is vacated; and it is further,
ORDERED that the appeal by the defendant TZ Dhanani from the decision is dismissed, as no appeal lies from a decision (see CPLR 5512[a]; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as reviewed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the defendant TZ Dhanani payable by the plaintiff.
On May 12, 2003, the defendant Zikar Dhanani executed a note in the sum of $318,000 in favor of the plaintiff. The note was secured by a mortgage on certain real property located in Queens.
In 2014, the plaintiff commenced this action to foreclose the mortgage against Zikar and the defendant TZ Dhanani (hereinafter the defendant), among others. In an order dated September 22, 2017, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Zikar and the defendant and for an order of reference.
In March 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The referee based the report on the affidavit of a vice president of loan documentation for the plaintiff, who averred that she was familiar with the plaintiff's records and record-keeping practices and that the total amount due on the loan was $385,967.64. She did not attach any business records to her affidavit.
In an order and judgment of foreclosure and sale entered May 11, 2018, the Supreme Court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
Initially, the appeal purportedly taken by Zikar must be dismissed and so much of the order and judgment of foreclosure and sale as is against him must be vacated as a nullity because he died prior to the commencement of the action (see Cutler v Thomas, 171 AD3d 860), and the action has been discontinued as to him.
Here, "the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record inasmuch as the computation was premised upon unproduced business records" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769). We therefore reverse the order and judgment of foreclosure and sale and remit the matter to the Supreme Court, Queens County, for a new report computing the amount due, to be followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter (see Wilmington Sav. Fund Socy., FSB v Mehraban, 192 AD3d 1066).
In view of the foregoing, we do not address the remaining contention as to whether the defendant is entitled to a hearing before the referee.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court