Wilmington Trust, N.A. v Mahone (2022 NY Slip Op 04580)

Wilmington Trust, N.A. v Mahone

2022 NY Slip Op 04580

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-13449
 (Index No. 130696/09)

[*1]Wilmington Trust, National Association, respondent,
v
Nathaniel Mahone, appellant, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellant.
Friedman Vartolo LLP, New York, NY (Zachary Gold of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nathaniel Mahone appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Desmond A. Green, J.), dated September 27, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated September 18, 2019, inter alia, granting those branches of the motion of JPMorgan Chase Bank, National Association, the plaintiff's predecessor in interest, which were to confirm the referee's report and for a judgment of foreclosure and sale, and denying the motion of the defendant Nathaniel Mahone pursuant to CPLR 5015(a)(3) to vacate an order of the same court (Judith N. McMahon, J.) dated September 15, 2014, granting the unopposed motion of JPMorgan Chase Bank, National Association, inter alia, for summary judgment on the complaint insofar as asserted him and for an order of reference, granted those branches of the motion of JPMorgan Chase Bank, National Association, which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the motion of JPMorgan Chase Bank, National Association, which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the referee's report is rejected, the order dated September 18, 2019, is modified accordingly, and the matter is remitted to the Supreme Court, Richmond County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
JPMorgan Chase Bank, National Association (hereinafter JPMorgan), commenced this action against the defendant Nathaniel Mahone (hereinafter the defendant), among others, to foreclose a mortgage on real property. After joinder of issue, JPMorgan moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant did not oppose the motion, and the Supreme Court granted the motion in an order dated September 15, 2014.
In 2018, the defendant moved pursuant to CPLR 5015(a)(3) to vacate the September 15, 2014 order, arguing that JPMorgan had misrepresented that it had complied with RPAPL 1304 and that it had standing. While the defendant's motion was pending, JPMorgan moved to confirm the referee's report, for a judgment of foreclosure and sale, and to amend the caption to substitute Wilmington Trust, National Association, as the plaintiff. In an order dated September 18, 2019, the Supreme Court granted JPMorgan's motion and denied the defendant's motion. The court thereafter [*2]issued an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
The Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(3) to vacate the September 15, 2014 order granting JPMorgan's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against him. CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of "fraud, misrepresentation, or other misconduct of an adverse party." A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see CitiMortgage, Inc. v Nunez, 198 AD3d 865; U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121).
Here, the defendant's contentions that JPMorgan misrepresented its compliance with RPAPL 1304 and its standing to commence this action amount to allegations of intrinsic fraud (see HSBC Bank USA, N.A. v Somalingam, 203 AD3d 897; CitiMortgage, Inc. v Nunez, 198 AD3d 865). Since the defendant did not present any excuse for his default, his motion was properly denied on that basis, and it is unnecessary to consider whether he presented a potentially meritorious defense (see HSBC Bank USA, N.A. v Walker, 201 AD3d 795; CitiMortgage, Inc. v Nunez, 198 AD3d 865).
However, the Supreme Court should have denied those branches of JPMorgan's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. "[T]he referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record inasmuch as the computation was premised upon unproduced business records" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769; see Wilmington Sav. Fund Socy., FSB v Mehraban, 192 AD3d 1066). Accordingly, we remit the matter to the Supreme Court, Richmond County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court