**U.S. Bank Trust, N.A. v Michalczyk**

2026 NY Slip Op 30006(U)

January 12, 2026

Supreme Court, Suffolk County

Docket Number: Index No. 602779/2020

Judge: Thomas F. Whelan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

MEMO DECISION & ORDER                                          INDEX No. 602779/2020

SUPREME COURT - STATE OF NEW YORK
IAS PART 33 - SUFFOLK COUNTY

**P R E S E N T :**

Hon. __THOMAS F. WHELAN__
    Justice of the Supreme Court

MOTION DATE __10/17/2025__
SUBMIT DATE __10/17/2025__
Mot. Seq. # 007 - MG
CDISP Y __X__ N __

---------------------------------------------------------------- X

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9     :    KNUCKLES & MANFRO, LLP
MASTER PARTICIPATION TRUST,              :    Attys. for Plaintiff
                                          :    120 White Plains Road, Suite 215
                     Plaintiff,     :    Tarrytown, NY 10591
                                          :

       -against-                       :
                                          :

MILDRED J. MICHALCZYK; HSBC BANK USA,    :    MILDRED J. MICHALCZYK, ESQ.
                                          :    Self Represented Defendant
                                        :    16 Walnut Avenue East
                     Defendants.    :    East Farmingdale, NY 11735

---------------------------------------------------------------- X

      Upon the following papers numbered as indicated and read on this motion __For judgment of foreclosure and sale__; Notice of Motion/Order to Show Cause and supporting papers: __NYSCEF Doc. 163 - 173__; Notice of Cross Motion and supporting papers: _____; Opposing papers: __NYSCEF Doc. 174 - 184____; Supplemental papers:___ _NYSCEF Doc. 194 - 200; 201 - 219____; Other _____; (~~and after hearing counsel in support and opposed to the motion~~) it is

     **ORDERED** that this motion (#007) by the plaintiff for, inter alia, leave to enter a judgment of foreclosure and sale, pursuant to Real Property Actions and Proceedings Law (RPAPL) § 1351, is granted; and it is further

     **ORDERED** that the proposed Order submitted by plaintiff, as modified by the Court, is signed simultaneously herewith; and it is further

     **ORDERED** that plaintiff is directed to file a notice of entry within five days of receipt of this Order pursuant to 22 NYCRR §202.5-b(h)(2).

US Bank v Michalczyk
Index No. 602779/2020
Page 2

This is an action for foreclosure on real property situate in Farmingdale. Familiarity with this Court's Memo Decision and Order dated July 17, 2025 (the "July Order") is presumed, wherein the defendant Mildred Michalczyk's motion (#006) to reject the referee's report was denied. The Plaintiff's cross-motion (#007) for judgment of foreclosure and sale was adjourned, as Plaintiff was directed submit to the Court evidentiary documentation supporting the amount due solely for plaintiff's recovery period of six years preceding the commencement of the within action. The requested documents were filed on August 29, 2025 and defendant Michalczyk filed a response shortly thereafter. The motion was ultimately submitted for decision.

As part of its supplemental submission, the plaintiff has submitted an affidavit of Frank Velazquez, Assistant Secretary of Nationstar Mortgage LLC (hereinafter, Nationstar), attorney-in-fact for the plaintiff herein, affirmed on August 27, 2025. Mr. Velasquez notes in the affidavit that he has personal knowledge of Nationstar's procedures, including how records are created and maintained. He avers that the records are made at or near the time of the event by persons with knowledge and are kept in the course of Nationstar's ordinarily conducted business. He adds that Nationstar relies on these records in its ordinary course of business. To the extent records were created by a prior loan servicer, he notes that such have been integrated into Nationstar's systems, and are relied upon and now considered business records of Nationstar.

Annexed to the affidavit are copies of business records which reference the amounts due and owing in the affidavit for principal, interest, property inspection and other charges to which the plaintiff is entitled. Mr. Velasquez avers that Plaintiff seeks to collect only the installments which are within six years of February 14, 2020, that is, back to February 14, 2014, and that all installments prior thereto to have been waived[1].

The Court has reviewed Ms. Michalczyk's challenges to the affidavit, and finds such to be of no merit. The Court finds that Mr. Valesquez's affidavit demonstrated his knowledge and establishes the admissibility of the information averred to and documents appended to the affidavit as business records, comports with the dictates of *Bank of NY Mellon v Gordon*, 171 AD3d 197, 97 NYS3d 286 (2d Dept 2019), and satisfies the admissibility requirements of CPLR 4518(a). The Defendant has failed to submit any proof to the contrary (*see Wilmington Sav. Fund Socy., FSB v Helal*, 211 AD3d 991, 992, 181 NYS3d 306, 307 [2d Dept 2022], citing *Wells Fargo Bank, N.A. v Yesmin*, 186 AD3d 1761, 1762, 129 NYS3d 851, 852 [2d Dept 2020] [internal quotation marks omitted]; *Cenlar FSB v Glauber*, 188 AD3d 1141, 1143-44, 137 NYS 3d 418, 420-21 [2d Dept 2020]; *Citimortgage, Inc. v Kidd*, 148 AD3d 767, 768, 49 NYS3d 482, 484 [2d Dept 2017]).

---

[1] As the business records demonstrate, the plaintiff made total tax advances in the amount of $128,369.33, however, Mr. Velazquez's affidavit seeks to recover $119,013.51, which does not include two property tax payments made on the defendant's behalf in 2013. Likewise, the business records demonstrate that the plaintiff made total hazard insurance advances in the amount of $32,518.00, while Mr. Velazquez's affidavit seeks to recover $30,650.00 which does not include one payment made on the defendant's behalf in 2013.

[* 2]

US Bank v Michalczyk
Index No. 602779/2020
Page 3

"[T]he court ... remains the ultimate arbiter of the dispute" (*U.S. Bank N.A. v Barton*, 207 AD3d 496, 497, 169 NYS3d 523 [2d Dept 2022] citing *Citimortgage, Inc. v Kidd*, 148 AD3d 767, 768, 49 NYS3d 482 [2d Dept 2017]; *HSBC Bank USA, N.A. v. Sharon*, 202 AD3d 764, 158 NYS3d 834 [2d Dept 2022]).

The portion of plaintiff's motion seeking attorney's fees is granted, as the terms of the subject loan documents allow for same. Here, plaintiff has supplied the Court with an affirmation of services requesting $24,167.50, which includes the customary flat fee of $6,800.00 together with litigation fees of $17,367.50, representing more than 50 hours of litigation work incurred. The Court finds this amount to be reasonable given the extent of litigation, and will award plaintiff same (*see Vigo v 501 Second Street Holding Corp.*, 121 AD3d 778, 994 NYS2d 354 [2d Dept 2014]).

The Court, therefore, grants plaintiff's motion (#007) and simultaneously signs the proposed Judgment, as modified.

Dated: 1/12/26

THOMAS F. WHELAN, J.S.C.

[* 3]