Wilmington Sav. Fund Socy., FSB v Chishty (2020 NY Slip Op 00641)





Wilmington Sav. Fund Socy., FSB v Chishty


2020 NY Slip Op 00641


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-02803 
2017-02804
 (Index No. 11498/11)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Nazma Chishty, appellant, et al., defendants.


Holly C. Meyer, Medford, NY, for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Jessica L. Bookstaver of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nazma Chishty appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated June 17, 2016. The first order granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Nazma Chishty and for an order of reference. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference.
ORDERED that the first order is affirmed; and it is further,
ORDERED that the second order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
We agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Nazma Chishty (hereinafter the defendant) and for an order of reference. On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit evidence of service of the summons and complaint, evidence of the facts constituting the claim, and evidence of the defaulting party's default in appearing or answering the complaint (see Moran v BAC Field Servs. Corp., 164 AD3d 494, 496; Dupps v Betancourt, 99 AD3d 855, 855). Here, the plaintiff submitted evidence of service of the summons and complaint upon the defendant, as well as evidence of the facts constituting its cause of action and evidence of the defendant's failure to appear or answer the complaint within the time allowed (see RPAPL 1321[1]; CPLR 3215[f]; 21st Mtge. Corp. v Palazzotto, 164 AD3d 1293, 1294).
Although proper service of RPAPL 1304 notice on the borrower or borrowers, and filing of RPAPL 1306 notice with the superintendent of financial services, are conditions precedent to the commencement of a foreclosure action (see CitiMortgage, Inc. v Osorio, 174 AD3d 496; Bank [*2]of N.Y. Mellon v Zavolunov, 157 AD3d 754, 756), the defendant failed to move to vacate her default in appearing or answering the complaint and, thus, is precluded from arguing that the plaintiff failed to comply with the applicable provisions of RPAPL 1304 and 1306 (see Taron Partners, LLC v McCormick, 173 AD3d 927, 930; HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 834). The defendant also waived her right to seek dismissal of the complaint insofar as asserted against her pursuant to CPLR 3215(c) by filing two notices of appearance (see Bank of Am., N.A. v Rice, 155 AD3d 593; Myers v Slutsky, 139 AD2d 709, 710).
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court