U.S. Rof III Legal Tit. Trust 2015-1 v John (2020 NY Slip Op 08099)





U.S. Rof III Legal Tit. Trust 2015-1 v John


2020 NY Slip Op 08099


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10348 
2019-10355
 (Index No. 7431/11)

[*1]U.S. Rof III Legal Title Trust 2015-1, etc., plaintiff-respondent, 
v
Kunjamma C. John, appellant, Sperry Associates Federal Credit Union, defendant-respondent, et al., defendants.


Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jaclyn Halpern Weinstein and Jeffrey R. Metz of counsel), for plaintiff-respondent.
Scott A. Rosenberg, P.C., Garden City Park, NY, for defendant-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kunjamma C. John appeals from (1) an order of the Supreme Court, Nassau County (Anna Anzalone, J.), entered May 31, 2019, and (2) an amended judgment of foreclosure and sale of the same court, entered July 9, 2019. The order entered May 31, 2019, granted the plaintiff's motion to amend a resettled judgment of foreclosure and sale of the same court (Thomas A. Adams, J.) entered September 27, 2018. The amended judgment of foreclosure and sale, upon an order of the same court (Thomas A. Adams, J.) entered March 14, 2018, inter alia, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, granting the defendant Sperry Associates Federal Credit Union's cross motion pursuant to RPAPL 1351 and 1354 for a provision in the judgment of foreclosure and sale directing that any surplus from the proceeds of the sale be used to satisfy a second mortgage held by that defendant, and denying the cross motion of the defendant Kunjamma C. John pursuant to CPLR 3215(c) to dismiss the complaint as abandoned or, in the alternative, pursuant to CPLR 4403 to reject the referee's report, inter alia, confirmed the referee's report, directed the sale of the subject property, and directed that any surplus from the proceeds of the sale be used to satisfy a second mortgage held by the defendant Sperry Associates Federal Credit Union. The appeal from the amended judgment of foreclosure and sale brings up for review three orders of the same court (Thomas A. Adams, J.) entered October 25, 2016, October 25, 2016, and April 21, 2017, respectively. The first order entered October 25, 2016, granted those branches of the motion of the plaintiff's predecessor in interest, JPMorgan Chase Bank, National Association, which were for leave to enter a default judgment against the defendant Kunjamma C. John and for an order of reference, and denied the cross motion of the defendant Kunjamma C. John, inter alia, pursuant to CPLR 5015(a)(4) to vacate her default in answering the complaint and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 317 to vacate her default in answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer. The second order entered October 25, 2016, inter alia, granted and denied the [*2]same relief, and appointed a referee. The order entered April 21, 2017, inter alia, denied the motion of the defendant Kunjamma C. John for leave to renew her opposition to the motion of JPMorgan Chase Bank, National Association, and her cross motion.
ORDERED that the appeal from the order entered May 31, 2019, is dismissed; and it is further,
ORDERED that the amended judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale are denied, that branch of the cross motion of the defendant Kunjamma C. John which was pursuant to CPLR 4403 to reject the referee's report is granted, the referee's report is rejected, the cross motion of the defendant Sperry Associates Federal Credit Union pursuant to RPAPL 1351 and 1354 for a provision in the judgment of foreclosure and sale directing that any surplus from the proceeds of the sale be used to satisfy a second mortgage held by the defendant Sperry Associates Federal Credit Union is denied, the order entered March 14, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
This action was commenced in May 2011 by the plaintiff's predecessor in interest, JP Morgan Chase Bank, National Association (hereinafter Chase), to foreclose a mortgage executed by the defendant Kunjamma C. John in 2007. Proof of service of the summons and complaint upon John was filed with the clerk's office on June 1, 2011, reflecting service pursuant to CPLR 308(2). John defaulted in answering the complaint. The defendant Sperry Associates Federal Credit Union (hereinafter Sperry) filed a notice of appearance, in which it made a claim to any surplus monies that may arise out of any foreclosure sale of the premises, to satisfy sums owed to it as the second mortgagee.
On April 9, 2013, Chase filed a request for judicial intervention, and the Supreme Court scheduled 14 settlement conferences between May 2013 and October 2015. The matter was released from the settlement conference part on or about October 25, 2015. On or about November 13, 2015, an attorney filed a notice of appearance on behalf of John, demanded service of all papers, and reserved "all objections to jurisdiction, standing, statute of limitation, and any other matter that may be appropriate for Defendant John's defense."
Several months later, in April 2016, Chase moved for leave to enter a default judgment and for an order of reference. The motion also sought substitution of the party plaintiff, because the mortgage had been assigned and the note transferred to U.S. Rof III Legal Title Trust 2015-1. John opposed those branches of the motion which were for leave to enter a default judgment and for an order of reference, and cross-moved, inter alia, to vacate her default pursuant to CPLR 5015(a)(4) and to dismiss the complaint insofar as asserted against her on the ground that she was not properly served with process, or in the alternative pursuant to CPLR 317 to vacate her default and pursuant to CPLR 3012(d) for leave to serve a late answer. The Supreme Court granted Chase's motion and denied John's cross motion in an order entered October 25, 2016. The same day, the court signed a separate order, inter alia, granting and denying the same relief and appointing a referee.
John thereafter moved, inter alia, for leave to renew her opposition to Chase's motion and her cross motion. The Supreme Court denied John's motion in an order entered April 21, 2017.
On or about February 1, 2017, the plaintiff's counsel served a notice of referee's hearing on John's counsel, noticing a hearing for February 16, 2017, and directing John to notify the referee in writing two business days prior to the hearing if she intended to attend. On February 13, 2017, John's attorney sent a letter to the plaintiff's attorney of his "inten[t] to subpoena plaintiff or its servicer to obtain verification of principal balance and interest, as well as escrow advances" and asking for a "three-week adjournment" of the hearing. The record does not reflect that John's [*3]attorney ever sent notice to the referee of John's intent to participate in a hearing.
The referee issued a report calculating the total amount due and owing to the plaintiff to be $1,310,404.78 and recommending that the property be sold as one parcel.
In April 2017, the plaintiff moved to confirm the referee's report, but later withdrew that motion prior to decision. In October 2017, the plaintiff again moved to confirm the report and for a judgment of foreclosure and sale. John opposed the motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint as abandoned or, in the alternative, pursuant to CPLR 4403 to reject the referee's report and to direct the referee to recalculate the amount due.
Sperry cross-moved, pursuant to RPAPL 1351 and 1354, for a provision in the judgment of foreclosure and sale directing that any surplus from the proceeds of the sale be used to satisfy Sperry's second mortgage. John opposed Sperry's cross motion.
In an order entered March 14, 2018, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, granted Sperry's cross motion pursuant to RPAPL 1351 and 1354, and denied John's cross motion to dismiss the complaint as abandoned or, in the alternative, to reject the referee's report. The court eventually entered a resettled judgment of foreclosure and sale on September 27, 2018, which included a finding that Sperry was owed $577,202.51 on its second mortgage. Thereafter, in February 2019, the plaintiff moved to amend the resettled judgment of foreclosure and sale, to correct an error in the Schedule A legal description of the property. John opposed the motion, arguing that the referee's report should be recalculated because it was inaccurate and "outdated," that the plaintiff should not be awarded interest from March 1, 2010, given its "inordinate" delay in prosecuting the action, and that Sperry should not be awarded a judgment.
In an order entered May 31, 2019, the Supreme Court granted the plaintiff's motion to amend the judgment, and the court thereafter entered the amended judgment of foreclosure and sale. John appeals from the order entered May 31, 2019, and from the amended judgment of foreclosure and sale.
In a related appeal (see JP Morgan Chase Bank v John, ___ AD3d ___ [decided herewith]), John appealed from the two orders entered October 25, 2016, and from the order entered April 21, 2017. The issues raised in the companion appeal are considered herein, along with the other matters brought up for review on the appeal from the amended judgment of foreclosure and sale.
As a threshold matter, John's appeal from the order entered May 31, 2019, must be dismissed, because the right of direct appeal therefrom terminated with the entry of the final judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order have been considered by this Court in its review of the appeal from the amended judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
We agree with the Supreme Court's determination that John waived her defense of lack of personal jurisdiction when her attorney filed a notice of appearance without timely interposing any objection to the court's jurisdiction (see JP Morgan Chase Bank v Jacobowitz, 176 AD3d 1191, 1192; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1182). Indeed, "[t]he filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction" (U.S. Bank N.A. v Pepe, 161 AD3d 811, 812). Contrary to John's contention, it is immaterial that the notice of appearance purported to preserve all of John's defenses, including lack of personal jurisdiction, as such language "is not a talisman to protect the defendant[ ]from [her] failure to take timely and appropriate action to preserve [her] defense of lack of personal jurisdiction" (JP Morgan Chase Bank, N.A. v Jacobowitz, 176 AD3d at 1192). Here, John waited eight months after filing a notice of appearance before cross-moving, inter alia, pursuant to CPLR [*4]5015(a)(4) to vacate her default on the ground that service was improper (cf. JP Morgan Chase Bank, N.A. v Jacobowitz, 176 AD3d at 1192).
For similar reasons, we also agree with the plaintiff's contention that John waived her right to seek dismissal of the complaint pursuant to CPLR 3215(c). A "defendant may waive the right to seek dismissal pursuant to [CPLR 3215(c)] by his or her conduct" (Myers v Slutsky, 139 AD2d 709, 710). Here, John's cross motion to dismiss pursuant to CPLR 3215(c) was made nearly two years after John's attorney filed a notice of appearance on her behalf. Under these circumstances, John waived her right to seek CPLR 3215(c) dismissal by her active participation in the litigation (see Wilmington Sav. Fund Socy., FSB v Chishty, 179 AD3d 1147, 1148-1149; Bank of Am., N.A. v Rice, 155 AD3d 593, 594; see also Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 910 [a "defendant may waive the right to seek a dismissal pursuant to CPLR 3215(c) by serving an answer or taking 'any other steps which may be viewed as a formal or informal appearance,'" quoting Myers v Slutsky, 139 AD2d at 711]).
We also agree with the Supreme Court's determination to deny John's request for relief pursuant to CPLR 317 and 3012(d) to vacate her default and for leave to interpose a late answer. "CPLR 317 provides, generally, that a defendant is entitled to vacatur of a default judgment if it is established that [she] did not receive personal notice of the summons in time to defend and that [she] has a meritorious defense" (Stein v Matarasso & Co., 143 AD2d 825, 826; see Golden Eagle Capital Corp. v Paramount Mgt. Corp., 185 AD3d 664). Here, John failed to show that she did not receive notice of the action in time to defend against it. To the contrary, John averred, in an affidavit, that she received a copy of the summons and complaint in her mailbox, with no envelope, around the time when service of process was allegedly made, but she failed to file an answer at that time because the attorneys she consulted told her to do nothing. Because John failed to meet her threshold burden of showing that she never received actual notice of the action in time to defend it, we need not consider whether she sufficiently demonstrated the existence of a potentially meritorious defense for purpose of CPLR 317 (see Ross v Sunrise Home Improvement, 186 AD3d 633; Progressive Cas. Ins. Co. v Excel Prods., Inc., 171 AD3d 812, 814).
Nevertheless, the amended judgment of foreclosure and sale must be reversed, as there is merit to John's contentions that the Supreme Court erred in granting the plaintiff's motion to confirm the referee's report and in granting Sperry's cross motion for a provision in the judgment of foreclosure and sale directing that any surplus from the proceeds of the sale be used to satisfy Sperry's second mortgage.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768). Here, the affidavit executed by an employee of the plaintiff's loan servicer, which was submitted by the plaintiff for the purpose of establishing the amount due and owing under the mortgage loan, constituted inadmissible hearsay and lacked probative value because the affiant failed to produce any of the business records upon which she purportedly relied in making her calculations (see Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689). Consequently, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record (see U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452; Citimortgage, Inc. v Kidd, 148 AD3d at 768-769).
Moreover, we disagree with the Supreme Court's determination that Sperry was entitled to relief pursuant to RPAL 1351 and 1354. In an action to foreclose a mortgage commenced by a first mortgagee, a second mortgagee may move for a provision in the judgment of foreclosure and sale that any surplus moneys from the foreclosure sale be applied to satisfy the debt owed by the defendant to the second mortgagee (see RPAPL 1351[3]). Such a motion may be granted if "it appears to the satisfaction of the court" that there exists no more than one other mortgage on the subject premises which is "then due" and subordinate only to the plaintiff's mortgage but is entitled to priority over all other liens and encumbrances other than those described RPAPL 1354(2), and if the motion of the second mortgagee is "made without valid objection of any other party" (RPAPL 1351[3]).
Here, not only were Sperry's motion papers insufficient, prima facie, to meet the requisite standard (see RPAPL 1351[3]); they were also met with various objections by John, including allegations that the validity and enforceability of Sperry's underlying debt was the subject of pending litigation. Under these circumstances, Sperry failed to establish its entitlement to the surplus proceeds pursuant to RPAPL 1351.
The parties' remaining contentions are without merit.
Accordingly, we reverse the judgment of foreclosure and sale, deny those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, deny Sperry's cross motion for relief pursuant to RPAPL 1351 and 1354, and grant that branch of John's cross motion which was pursuant to CPLR 4403 to reject the referee's report, modify the order entered March 14, 2018, accordingly, and remit the matter to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
MASTRO, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court