HSBC Bank USA, N.A. v Sharon (2022 NY Slip Op 00852)





HSBC Bank USA, N.A. v Sharon


2022 NY Slip Op 00852


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-01243 
2018-08310
 (Index No. 7337/15)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Daniel L. Sharon, appellant, et al., defendants.


Charles Wallshein, Melville, NY, for appellant.
Hogan Lovells US LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph S. Jacobs], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Daniel L. Sharon appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 15, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, entered April 30, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Daniel L. Sharon, to strike his answer, and for an order of reference. The order and judgment of foreclosure and sale, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant Daniel L. Sharon.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In August 2015, the plaintiff commenced this action against the defendant Daniel L. Sharon (hereinafter the defendant), among others, to foreclose the subject mortgage, alleging that the defendant defaulted on mortgage payments due July 1, 2010, and thereafter. The defendant [*2]interposed an answer, raising affirmative defenses and asserting counterclaims. In an order entered September 15, 2017, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and appointed a referee to compute the amount due.
The plaintiff subsequently moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered April 30, 2018, the Supreme Court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682). "The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1310).
Here, as the defendant correctly contends, the affidavit of the plaintiff's servicing agent, submitted for the purpose of establishing the amount due and owing under the subject mortgage loan, "constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records he purportedly relied upon in making his calculations" (Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689; see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Thus, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record (see Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786; Nationstar Mtge., LLC v Cavallaro, 181 AD3d at 689; U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452; Citimortgage, Inc. v Kidd, 148 AD3d at 768-769). Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith (see e.g. IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d 725).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court