HSBC Bank USA, N.A. v Delgado (2022 NY Slip Op 07223)

HSBC Bank USA, N.A. v Delgado

2022 NY Slip Op 07223

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-14380
 (Index No. 702039/15)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Carlos Delgado, et al., defendants, KRJPL Properties Management Co., appellant.

The Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Reed Smith LLP, New York, NY (James N. Faller and Andrew B. Messite of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant KRJPL Properties Management Co. appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Robert I. Caloras, J.), entered October 30, 2019. The order and judgment of foreclosure and sale, upon a decision of the same court entered May 14, 2019, inter alia, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff in accordance herewith.
In March 2015, the plaintiff commenced this action against the defendant KRJPL Properties Management Co. (hereinafter the defendant), among others, to foreclose a mortgage on residential property located in Queens. The defendant interposed an answer. In 2016, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. After the referee issued a report of the amount due, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered October 30, 2019, upon a decision entered May 14, 2019, the court, inter alia, granted those branches of the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Sharon, 202 AD3d 764, 766). "The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768)
Here, as the defendant correctly contends, the affidavit of Tiffany Bluford, an employee of the plaintiff's servicing agent, submitted for the purpose of establishing the amount due and owing under the subject mortgage loan, "constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records [she] purportedly relied upon in making [her] calculations" (Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689; see HSBC Bank USA, N.A. v Sharon, 202 AD3d at 766). Moreover, the affidavit of Andrea Kruse, another employee of the plaintiff's servicing agent, did not contain any averment as to the amount due and owing under the subject mortgage loan. Thus, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record (see HSBC Bank USA, N.A. v Sharon, 202 AD3d at 766).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff in accordance herewith.
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court