Bank of Am., N.A. v Carapella (2023 NY Slip Op 03844)

Bank of Am., N.A. v Carapella

2023 NY Slip Op 03844

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-07824
 (Index No. 130910/11)

[*1]Bank of America, N.A., appellant, 
v
James P. Carapella, respondent, et al., defendants.

Friedman Vartolo, LLP, New York, NY (Zachary Gold and Oran Schwager of counsel), for appellant.
Law Offices of Costello & DeFrancisco, PLLC, Garden City, NY (Daniel J. Costello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated March 6, 2020. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated September 12, 2018, granting the motion of the defendant James P. Carapella (1) to vacate a prior order of the same court dated February 28, 2018, which denied that defendant's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him, (2) in effect, to vacate an order of reference dated May 14, 2018, and (3) pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him.
ORDERED that the order dated March 6, 2020, is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated September 12, 2018, is vacated, and thereupon, the motion of the defendant James P. Carapella to vacate the prior order dated February 28, 2018, in effect, to vacate the order of reference dated May 14, 2018, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him is denied.
In November 2011, the plaintiff commenced this action to foreclose a mortgage against the defendant James P. Carapella (hereinafter the defendant), among others. The defendant failed to timely answer the complaint; however, his attorney filed a notice of appearance on his behalf in July 2014.
In August 2016, the plaintiff moved, inter alia, for an order of reference. The defendant opposed the plaintiff's motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to take proceedings for entry of a default judgment against him within one year. In an order dated February 28, 2018, the Supreme Court denied the defendant's cross-motion based upon his failure to appear in court on the return date. An order of reference was issued on May 14, 2018. Thereafter, the defendant moved to vacate the order dated February 28, 2018, denying his cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him, and, in effect, to vacate the order of reference and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him. By order dated September 12, 2018, the court granted the defendant's motion, vacated the order dated February 28, 2018, and the order of reference dated May 14, 2018, and pursuant to CPLR 3215(c) [*2]directed the dismissal of the complaint insofar as asserted against him. Subsequently, the plaintiff moved for leave to reargue its opposition to the defendant's motion to vacate and to dismiss the complaint insofar as asserted against him. In an order dated March 6, 2020, the court granted leave to reargue and, upon reargument, adhered to its original determination in the order dated September 12, 2018. The plaintiff appeals.
"A 'defendant may waive the right to seek dismissal pursuant to [CPLR 3215(c)] by his or her conduct'" (U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d 1645, 1650, quoting Myers v Slutsky, 139 AD2d 709, 710). Here, the defendant did not move pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him until nearly three years after the defendant's attorney filed a notice of appearance on his behalf. Under these circumstances, the defendant waived his right to seek dismissal pursuant to CPLR 3215(c) by his active participation in the litigation (see U.S. Bank N.A. v Nur, 208 AD3d 709, 709; Bank of Am., N.A. v Lichter, 192 AD3d 957; U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d at 1650; Wilmington Sav. Fund Socy., FSB v Chishty, 179 AD3d 1147, 1148-1149). Moreover, the defendant never sought to vacate his default in answering the complaint. Thus, he was precluded from raising his proffered defenses of the plaintiff's failure to comply with RPAPL 1304 (see Wilmington Sav. Fund Socy., FSB v Chishty, 179 AD3d at 1148-1149), or its lack of standing (see Aurora Loan Servs., LLC v Jemal, 205 AD3d 661, 663).
Accordingly, upon reargument, the Supreme Court should have vacated the prior order dated September 12, 2018, and thereupon, should have denied the defendant's motion to vacate the order dated February 28, 2018, in effect, to vacate the order of reference dated May 14, 2018, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him.
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court