Ocwen Loan Servicing, LLC v Coles (2024 NY Slip Op 00080)

Ocwen Loan Servicing, LLC v Coles

2024 NY Slip Op 00080

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2020-02598
 (Index No. 13332/13)

[*1]Ocwen Loan Servicing, LLC, plaintiff, 
v
Alvarine Coles, etc., appellant, et al., defendants; Wilmington Savings Fund Society, FSB, etc., nonparty-respondent. Michael Kennedy Karlson, New York, NY, for appellant.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck, Oran Schwager, and Zachary Gold of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alvarine Coles appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Sally Unger, J.), entered October 16, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated November 26, 2018, inter alia, granting those branches of the plaintiff's motion which were pursuant to CPLR 5015(a) to vacate a prior order of the same court dated November 9, 2017, directing dismissal of the complaint insofar as asserted against the defendant Alvarine Coles, to reinstate the notice of pendency, to restore the action to the active calendar, to confirm a referee's report, and for a judgment of foreclosure and sale, granted those branches of the plaintiff's motion, confirmed the referee's report, and directed the sale of the real property at issue.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof directing the sale of the real property at issue; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs to the defendant Alvarine Coles payable by Wilmington Savings Fund Society, FSB, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
In 2013, the plaintiff, Ocwen Loan Servicing, LLC (hereinafter Ocwen), commenced this action to foreclose a mortgage on certain real property located in Queens (hereinafter the property), owned by, among others, the defendant Alvarine Coles (hereinafter the defendant). The defendant failed to interpose an answer to the complaint or appear in the action. By order dated March 1, 2017, the Supreme Court granted Ocwen's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant did not move to vacate that order.
Thereafter, the Supreme Court marked the matter "final," and directed Ocwen to move for a judgment of foreclosure and sale by October 24, 2017. Ocwen failed to comply. In an [*2]order dated November 9, 2017 (hereinafter the November 2017 order), the court, inter alia, directed dismissal of the complaint, without prejudice, and the cancellation and discharge of all notices of pendency filed in the action.
Notwithstanding the issuance of the November 2017 order, in May 2018, Ocwen served the defendant, among others, with a notice of computation. In June 2018, a special referee executed an oath of computation and issued a report of computation, reporting, inter alia, that the amount due to Ocwen was $363,038.48 as of May 27, 2018.
In August 2018, Ocwen moved, among other things, pursuant to CPLR 5015(a)(1) to vacate the November 2017 order, to reinstate the notice of pendency, to restore the action to the court's active calendar, to confirm the referee's report, to amend the caption to substitute Wilmington Savings Fund Society, FSB (hereinafter Wilmington), for Ocwen as the plaintiff, and for a judgment of foreclosure and sale. The defendant opposed on the grounds, inter alia, that Ocwen failed to demonstrate a reasonable excuse for its failure to timely move for a judgment of foreclosure and sale, failed to establish its strict compliance with the mailing and content mandates of RPAPL 1304, and failed to establish its standing to foreclose.
By order dated November 26, 2018, the Supreme Court granted Ocwen's motion "without opposition." The court, upon the November 26, 2018 order, entered an order and judgment of foreclosure and sale, granting those branches of Ocwen's motion which were pursuant to CPLR 5015(a)(1) to vacate the November 2017 order, to reinstate the notice of pendency, to restore the action to the court's active calendar, to confirm the referee's report, and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
CPLR 5015(a)(1) authorizes a court to relieve a party from an order or judgment, on motion, upon the ground of "excusable default" (HSBC Bank USA, N.A. v MacPherson, 210 AD3d 966, 968, citing U.S. Bank, N.A. v Hossain, 200 AD3d 1094, 1095). Here, the Supreme Court properly granted that branch of Ocwen's motion which was to vacate the November 2017 order based on Ocwen's proffered excuses that its delay in complying with the court-imposed deadline was caused by the transfer of the loan to a new servicing company, its need to obtain and record assignments of mortgage, and the resulting delay in the issuance of the oath and report of the referee.
Since the defendant never sought to vacate her default in answering the complaint, "[she] was precluded from raising [her] proffered defenses of the plaintiff's failure to comply with RPAPL 1304, or its lack of standing" (Bank of Am., N.A. v Carapella, 218 AD3d 631, 633; see HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960). Accordingly, the Supreme Court properly declined to consider the defendant's opposition to Ocwen's motion on those grounds.
Nonetheless, the Supreme Court should not have confirmed the referee's report which was based upon inadmissible hearsay and not supported by record evidence (see HSBC Bank USA, N.A. v Delgado, 211 AD3d 920, 921). "'[A] referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute'" (id. at 921, quoting Citimortgage, Inc. v Kidd, 148 AD3d 767, 768).
"'Without submission of the business records, a witness's testimony as to the contents of the records is inadmissible hearsay'" (OneWest Bank, FSB v Fraiser, 210 AD3d 994, 995, quoting HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 982-983). Here, the affidavit of an employee of Wilmington's servicing agent, submitted for the purpose of establishing the amount due and owing upon the mortgage loan, "'constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records [he] purportedly relied upon in making [his] calculations'" (HSBC Bank USA, N.A. v Delgado, 211 AD3d at 921, quoting Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689 [internal quotation marks omitted]). "Thus, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record" (HSBC Bank USA, N.A. v Delgado, 211 AD3d at 921; see HSBC Bank USA, N.A. v Sharon, 202 AD3d 764, 766).
Accordingly, the Supreme Court should have denied those branches of Ocwen's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
Thus, we remit the matter to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff in accordance herewith, and the entry of an appropriate amended judgment thereafter.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court